## THE MANAGUA.

### GARCIA et al. v. THE MANAGUA et al.

District Court, S. D. New York.
Jan. 22, 1942.

Renato C. Giallorenzi, of New York City, for libelants.

Bigham, Englar, Jones & Houston, of New York City (James W. Ryan, of New York City, of counsel), for owner of the Managua.

MANDELBAUM, District Judge.

Libelants seek leave to serve an amended libel. The original libel was dismissed by Judge Bright, in an opinion dated December 23rd, 1941, The Managua, D.C., 42 F.Supp. 381, who held that the suit involved a partnership dispute cognizable in equity and not in admiralty.

This attempt to amend comes after a decree of dismissal has been entered and after the marshal has released the vessel from attachment. It appears that no appeal was taken from the decree of dismissal, nor was a supersedeas bond filed, nor was there any previous attempt to amend the libel during the time the vessel was in custody.

Presently, the libelants seek to bring in a Honduras corporation as substitute libelant (this corporation does not appear to join in this application). The libelants will be out of the suit and under the new set-up, it is claimed that the court can assume jurisdiction.

I have examined the entire proceeding and hold this position to be untenable.

Without passing upon whether an amendment of this sort is permissible at this time, it is sufficient answer to this application to state that since it is alleged to be an admiralty suit in rem, there is now no res before the court upon which the suit can be entertained. The vessel has been released from custody and there is no stipulation for value filed by the original respondent for the S. S. Managua, as a substitute for such res.

Under such circumstances, as well as for the reasons advanced by Judge Bright, the relief sought must be denied.